IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESCO CONSTRUCTION OF DELAWARE, INC. | § § § | PLAINTIFF |
| v. | § § | Civil No. 1:10CV453-HSO-JMR |
| HENRY CLARK | § § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TRANSFER, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE OR DISREGARD**

BEFORE THE COURT are the Motion to Dismiss or Transfer and Request for Telephonic Oral Argument [16] filed by Defendant Henry Clark ["Clark"], and the Motion to Strike or Disregard [22] filed by Plaintiff Jesco Construction of Delaware, Inc. ["Jesco"], in the above captioned cause. Both Motions have been fully briefed. The Court, having considered the pleadings on file, the record, and the relevant legal authorities, finds that Defendant's Motion to Dismiss or Transfer and Request for Telephonic Argument should be granted in part and denied in part, and that Plaintiff's Motion to Strike or Disregard should be denied as moot.

I. BACKGROUND

In the spring of 2008, Henderson County, Illinois, experienced flooding from the Mississippi River. Third Amend. Compl. [16-7]; Answer to Third Amend. Compl. [16-8]. In June 2008, Jesco, incorporated in Delaware, and having its principal place of business in Mississippi, hired Clark to secure or assist in securing one or more contracts with the County in connection with dewatering services provided by Jesco.

*Id.*; Compl. [1-1], at ¶ I-II, VI; Answer [4], at ¶ V. This business relationship was based on an oral contract made between Clark and John Shavers, president of Jesco. Def.'s Mot. to Dismiss or Transf. [16], at ¶¶ 3, 8; Pl.'s Mem. Br. in Resp. [19], at pp. 6-7. The terms of this oral contract, and the circumstances of its formation, are disputed. Compl. [1-1]; Answer [4].

On July 21, 2010, Clark initiated a lawsuit against several Jesco entities in the United States District Court for the Central District of Illinois. Def.'s Compl. [16-3], at p. 1. Clark sought a declaratory judgment establishing and confirming the terms of the oral contract, and the percentage of his commissions. Third Amend. Compl. [16-7], at ¶ 4. Clark further sought a declaration that the commissions applied to the gross amount billed Jesco rather than the net amount actually received by Jesco, that Jesco breached the contract by failing to pay Clark the commissions, that he was damaged by the breach, and that he was entitled to money damages and additional consequential damages. *Id.* That action is currently pending. Answer [4], at p. 1.

One month later, Jesco initiated this lawsuit by filing its Complaint [1-1] in the Circuit Court of Stone County, Mississippi, on August 19, 2010, naming Clark as Defendant. Compl. [1-1], at p. 1. Jesco sought judgment in the amount of $125,000.00 for unpaid loans allegedly owed by Clark, along with pre-judgment interest, and a declaratory judgment that Clark's commission on the Henderson County contract was three percent, to be paid upon receipt of the funds, and that Jesco was entitled to the remedy of offset upon receipt of the funds from Henderson

County, in the amount of $125,000.00.  *Id.* at p. 3.

Clark removed the case to this Court on September 17, 2010, pursuant to Title 28 U.S.C. § 1441, and invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Notice of Removal [1], at pp. 1, 3.  Subsequently, Clark filed his Answer [4], denying Jesco's allegations and asserting that his commission percentage was to be 3.2% of the gross amount of all invoices billed Jesco.  Answer [4], at p. 3.  Further, Clark denied that $125,000.00 was given to him has a loan, but rather that $99,000.00 was advanced to him against his future salary.  *Id.* at p. 4.

On January 26, 2011, Clark filed the present Motion to Dismiss or Transfer and Request for Telephonic Oral Argument, requesting telephonic oral argument and dismissal for *forum non conveniens*, transfer of venue under 28 U.S.C. § 1404(a) or the first-to-file rule, or stay of the case until the conclusion of the Illinois suit.  Def.'s Mot. to Dismiss or Transf. [16], at pp. 1, 5.  Jesco opposes the Motion, claiming that a *forum non conveniens* or Title 28 U.S.C. § 1404(a) analysis favors litigating in this Court, and that compelling circumstances exist excepting this case from the first-to-file rule.  Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at pp. 5, 16.  Clark filed a Reply [21], after which Jesco filed the Motion to Strike or Disregard [22], alleging that Clark's Reply [21] contained new arguments and allegations styled as evidence.  Mot. to Strike or Disregard [22], at p. 1.

## II. DISCUSSION

A. <u>Defendant's Motion to Dismiss or Transfer and Request for Telephonic Oral Argument</u>

1. <u>Request for Telephonic Oral Argument</u>

In his Motion to Dismiss or Transfer and Request for Telephonic Oral Argument [16], Defendant requests telephonic oral argument on this Motion. Local Uniform Civil Rule 7(b)(6)(A) provides that

> [t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response.

L. U. CIV. R. 7(b)(6)(A).

This request is properly before this Court. However, the Court, in its discretion, does not find that oral argument would be necessary or helpful in resolving this Motion. Therefore, Defendant's Motion will be denied to the extent it requests telephonic oral argument.

2. <u>Motion to Dismiss or Transfer</u>

In his Motion, Clark argues that this case should be dismissed for *forum non conveniens*, transferred pursuant to 28 U.S.C. § 1404(a) or the first-to-file rule, or stayed until the conclusion of the Illinois suit. Def.'s Mem. Br. in Supp. of Mots. to Dismiss or Transf. or Stay [17], at pp. 1, 8, 12. Jesco argues that either a *forum non conveniens* or Title 28 U.S.C. § 1404(a) analysis favor litigating in this Court, and that compelling circumstances except this case from the first-to-file rule. Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at pp. 5, 16. The Court finds that the

-4-

first-to-file rule is dispositive of this case.

### a. *The First-to-File Rule*

"The Fifth Circuit adheres to the general rule that the court in which an action is first-filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Sandwich Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Thus, "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). The rule "rests on principles of comity and sound judicial administration." *Id.* (citations omitted). It "is essentially a forward-looking doctrine" used "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id.* at 604. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

However, "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation, [do] not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). Thus, "[t]he first-to-file rule is a discretionary doctrine . . . , the

application of which [is] normally view[ed] for abuse of that discretion." *Cadle Co.*, 174 F.3d at 603 (citing *Kerotest Mfg.*, 342 U.S. at 183-184) ("an ample degree of discretion , appropriate for disciplined and experienced judges, must be left to the lower courts") and *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

In the Fifth Circuit, the "crucial inquiry" is "one of substantial overlap." *Save Power Ltd.*, 121 F.3d at 950. The rule does not require that the cases be identical, *id.*, nor is complete identity of the parties required, but there must be a substantial overlap between the suits, *id.* at 950-51 ("the fact that [defendant] is not a party to the Original Action does not undermine the appropriateness of transfer in view of all the facts of this case"); *West Gulf Maritime Ass'n*, 751 F.2d at 730. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 950-51 (citations omitted). To effectuate this principle, a district court may dismiss, transfer, or stay an action where the issues presented can be resolved in an earlier filed action pending in another district court. *West Gulf Maritime Ass'n*, 751 F.2d at 729.

The record here supports the conclusion that the case before this Court and the Illinois suit substantially overlap. Both suits involve Clark and a Jesco entity. Compl. [1-1]; Third Amend. Compl. [16-7]. Both cases arise out of the same alleged oral agreement or agreements made between Clark and Shavers regarding a disaster

remediation project in Henderson County, Illinois. *See* Compl. [1-1], at ¶¶ IV, V; Answer [4], at ¶ II. In both cases, a declaratory judgment is sought regarding the percentage of one or more commissions to be paid Clark, and when such commission or commissions were to be paid. *See* Compl. [1-1], at ¶ VIII; Third Amend. Compl. [16-7], at p. 2.

In the present action, Jesco also seeks a judgment of $125,000.00 for unpaid loans allegedly owed by Clark, and claims entitlement to the remedy of offset from the funds due Clark. Compl. [1-1], at ¶ VIII. Clark denies that there was ever a loan, but rather that Jesco advanced him $99,000.00 of his salary. Answer [4], at p. 4. This issue of offset is not presently before the Illinois court, but could easily arise in that case. Def.'s Mem. Br. in Supp. of Mots. to Dismiss or Transf. or Stay [17], at pp. 9-10; Answer to Third Amend. Compl. [16-8]. Even if the issue of offset does not arise in the Illinois case, the first-to-file rule does not require that cases be identical, but only substantially overlapping. *Save Power Ltd.*, 121 F.3d at 950-951. Further, because both issues of the loan and the commission or commissions arose out of the same oral agreement or agreements between the parties, an adjudication of one will impact the other. Therefore, not only would retaining this case be duplicative and result in an inefficient expenditure of judicial resources, *see Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009), the potential for conflicting and inconsistent rulings based on the same facts and issues is high, *see Save Power Ltd.*, 121 F.3d at 951. This is the type of situation the first-to-file rule is intended to prevent. *See West Gulf Mar. Ass'n*, 751 F.2d at 729; *Firstliner Indus.*,

*Inc. v. Ground & Pipe Tech., L.L.C.*, No. G-05-587, 2005 WL 2861002, at *2 (S.D. Tex. Oct. 31, 2005).

    b. *Compelling Circumstances*

Jesco argues that compelling circumstances except this case from the first-to-file rule. *See Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case"). However, Fifth Circuit precedent mandates that "[o]nce the likelihood of substantial overlap between the two suits [has] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Id.* at 408; *see Firstliner Indus., Inc.*, 2005 WL 2861002, at *2.

Even so, this Court is not convinced that there are compelling circumstances here. Jesco argues, with no support, that Clark's Illinois suit was anticipatory. Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at p. 19. The Court has been presented with no evidence suggesting that the Illinois suit is a product of improper anticipatory litigation. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003) ("Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of . . . litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'"); *Multi-Shot, L.L.C. v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *6 (S.D. Tex. Jan. 26, 2010) ("deciding not to follow the first-filed rule requires more than an accusation of 'forum shopping'").

Jesco next argues that a balance of convenience analysis pursuant to *forum non conveniens* or transfer of venue under Title 28 U.S.C. § 1404(a) favors litigating their case in this Court, and thus excepting it from the first-to-file rule. Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at p. 20. The Fifth Circuit has made clear that it is the first-filed court that "not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter Corp.*, 125 F.3d at 920; *see Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. H-09-0532, 2009 WL 1544255, at *6 (S.D. Tex. June 2, 2009) (stating that in *Sutter*, "the Fifth Circuit made clear . . . the first-filed court . . . should make the 1404(a) determination"); *Murray v. Wilson*, No. 08-2005, 2008 WL 3498226, at *5 (E.D. La. Aug. 8, 2008) (stating that a *forum non conveniens* argument "should normally be directed to the court in the first-file action"); *Luckett v. Peco Foods, Inc.*, No. 3:07cv85-KS-MTP, 2008 WL 534760, at * 3 (S.D. Miss. February 22, 2008) (stating that "a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations").

Finally, Jesco argues that the location of witnesses and evidence in Mississippi, as well as choice of law issues amount to a compelling circumstance excepting this case from the first-to-file rule. Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at pp. 20-21. Based on the evidence presented by the parties, the Court is not persuaded. There is at least one witness in Mississippi, John Shavers, and one witness in Illinois, Henry Clark. *See* Resp. to Mot. to Stay or Transf. [18], at

pp. 1-2; Def.'s Mem. Br. in Supp. of Mots. to Dismiss or Transf. or Stay [17], at pp. 4-5. Jesco argues there are additional witnesses located in both Mississippi and Louisiana, and Clark argues there are additional witnesses in Illinois. *Id.* Jesco is currently litigating two lawsuits in Illinois, in one of which Clark is also a party, and which is substantially similar to this case. *See* Def.'s Mot. to Dismiss or Transf. [16], at ¶¶ 1, 3. Both of which surround work performed in relation to dewatering contracts in Henderson County, Illinois. *Id.* Both parties claim the evidence is located in their respective states, and both parties claim their state law applies. Pl.'s Mem. Br. in Resp. to Mot. to Stay or Transf. [19], at p. 21; Def.'s Mem. Br. in Supp. of Mots. to Dismiss or Transf. or Stay [17], at pp. 4-5, 7. Though Jesco attempts to substantiate its claims with sworn affidavits, Pl.'s Resp. to Mot. to Stay or Transf. [18], "without more" the evidence only shows that wherever this suit is litigated, there will be problems caused for one side or the other, *see KCCR, Inc. v. Brunner*, No. H-10-cv-01263, 2010 WL 4236868, at *4 (S.D. Tex. Oct. 21, 2010); *Multi-Shot, L.L.C. v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *6 (S.D. Tex. Jan. 26, 2010); *Big Ball Sports, Inc. v. No Fear, Inc.*, 1996 WL 276701, at *2 (S.D. Tex. Jan. 8, 1996). Even if Mississippi law were to apply, this Court is not persuaded that this makes Mississippi a more appropriate forum than Illinois such as to compel departure from the first-to-file rule. *See Fat Possum Records, Ltd. v. Capricorn Records, Inc.*, 909 F. Supp. 442, 447 (N.D. Miss. 1995).

Therefore, inasmuch as the Illinois case was filed first and the cases substantially overlap, this case should be transferred to the United States District

Court for the Central District of Illinois. Defendant's Motion should be denied to the extent it seeks dismissal for forum non conveniens or a stay of this case.

B.  Plaintiff's Motion to Strike or Disregard

In its Motion to Strike or Disregard [22], Jesco alleges that Clark's Reply [21] contains "numerous arguments and allegations styled as evidence made for the first time." Pl.'s Mot. to Strike or Disregard [22], at ¶ I.

"The Fifth Circuit has not 'comprehensively identified all circumstances under which a district court may rely on arguments and evidence presented for the first time in a reply brief,' but 'it is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs.'" *S. Lavon Evans, Jr. Drilling Venture, L.L.C. v. Laredo Energy Holdings, L.L.C.*, No. 2:11-CV-12-KS-MTP, 2011 WL 1104150, at *1 n.1 (S.D. Miss. Mar. 23, 2011) (citing *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted)).

Because this Court finds the first-to-file rule dispositive of this case, and because the Court did not reach or rely on the arguments and evidence at issue in Clark's Reply [21] in order to resolve Defendant's Motion, Plaintiff's Motion to Strike or Disregard will be denied as moot.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [16] of Defendant Henry Clark, to Dismiss or Transfer and Request for Telephonic Oral Argument filed in the above captioned cause, should be and hereby is **GRANTED IN PART**, to the extent it seeks to transfer this case, **AND DENIED IN PART**, to the

extent it seeks dismissal or stay of this case, or telephonic oral argument.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [22] of Plaintiff Jesco Construction Company of Delaware, Inc., to Strike or Disregard filed in the above captioned cause, is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case should be and hereby is **TRANSFERRED** to the United States District Court for the Central District of Illinois, Rock Island Division.

**SO ORDERED AND ADJUDGED**, this the 17th day of June, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE